**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLINMICRO IMMUNOLOGY CENTER, LLC, | CIVIL ACTION NO.3:11-CV-2213 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| PRIMEMED, P.C., and JOAN SALIJKO, | |
| Defendants. | |

## MEMORANDUM

Presently before me is an Amendment Complaint filed by ClinMicro Immunology Center, LLC ("Plaintiff") on November 29, 2011 against defendants PrimeMed, P.C. ("PrimeMed") and Joan Salijko ("Salijko") (Doc. 27). The Complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C § 1331 because one of the claims arises under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C § 1030, *et. seq.* (*Id.* ¶ 9). In the course of pre-trial motion practice, however, the CFAA claim was dismissed, leaving only pendent state law claims. (Doc. 137). Because this action no longer satisfies the jurisdictional requirements of § 1331, I decline to exercise supplemental jurisdiction over the remaining state law claims, which will be dismissed without prejudice.

### I. Procedural Background

This case involves mutual allegations of wrongdoing arising out of the dissolution of a commercial relationship between a health services provider, PrimeMed, and a laboratory employed by PrimeMed to perform various tests and manage PrimeMed's own laboratory operations, ClinMicro.

I have already had several occasions to address the parties' claims at length in preliminary injunction proceedings and in rulings on various motions to dismiss and motions

for partial summary judgment.[1] Through this process, the claims and counterclaims of the parties have been narrowed.

As of July 17, 2013, ClinMicro was still pursuing nine separate claims against PrimeMed and co-defendant Salijko, including: (1) a claim for breach of the laboratory management agreement between the parties, brought against PrimeMed, (Doc. 27, Count I); (2) a claim that Salijko breached her confidentiality agreement with ClinMicro, (*Id.*, Count III); (3) a claim under the Computer Fraud and Abuse Act, 18 U.S.C. §1030, brought against both PrimeMed and Salijko (*Id.*, Count IV); (4) tortious interference with contract claims brought against both PrimeMed and Salijko, (*Id.*, Counts VI and VII); (5) a conversion claim, alleging conversion of various property and rights of ClinMicro, (*Id.*, Count VIII); (6) a claim for an accounting from the defendants (*Id.*, Count IX); (7) a civil conspiracy claim (*Id.*, Count X); and (8) a demand for a declaratory judgment that Salijko may not be further employed by PrimeMed. (*Id.*, Count XI).

In September 2015, PrimeMed filed three motions for partial summary judgment relating to some, but not all, of ClinMicro's claims. (Docs. 113, 116, and 118.) Notably, PrimeMed sought the dismissal of the claim under the Computer Fraud and Abuse Act brought against both PrimeMed and Salijko. PrimeMed also responded to ClinMicro's Amended Complaint by filing an answer with several state law counterclaims. (Doc. 52).

On July 29, 2016, by adopting the Report and Recommendation of Magistrate Judge Carlson, I granted PrimeMed's motions for partial summary judgment on aspects of Count I of ClinMicro's Amended Complaint relating to soliciting employees in violation of a contractual non-compete agreement, and as to Counts III, IV, VI, VII, VIII, IX, X, and XI of the Amended Complaint. (Doc. 137).

---

[1] *See e.g.*, *ClinMicro Immunology Ctr., LLC v. PrimeMed, P.C.*, No. CIV.A. 3:11-02213, 2012 WL 3011698, at *1 (M.D. Pa. July 23, 2012); *ClinMicro Immunology Ctr., LLC v. PrimeMed, P.C.*, No. 3:CV-11-2213, 2013 WL 3776264, at *1 (M.D. Pa. July 17, 2013); *ClinMicro Immunology Ctr., LLC v. PrimeMed, P.C.*, No. 3:CV-11-2213, 2014 WL 1515709, at *1 (M.D. Pa. Apr. 15, 2014).

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*, *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), and may do so at any stage of the litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240 (2006).

Here, Plaintiff's claim under the federal Computer Fraud and Abuse Act set the basis for this Court's jurisdiction pursuant to 28 U.S.C § 1331.[2] I dismissed this claim, however, when I adopted the R&R of Magistrate Judge Carlson to grant PrimeMed's motions for summary judgment. (Doc. 137). In light of that, I decline to exercise supplemental jurisdiction over any remaining pendent state law claims. Pursuant to 28 U.S.C. 1367(c)(3), this Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." This Court has no original jurisdiction over the remaining state law claims. As such, they will be dismissed without prejudice. The parties are free to pursue their state law claims in state court.

## III. Conclusion

Because the action no longer satisfies the jurisdictional requirements of 28 U.S.C. § 1331, and I decline to exercise supplemental jurisdiction over the remaining state law claims, it will be dismissed without prejudice.

An appropriate order follows.

September 20, 2016  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

---

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S. Code § 133. *See also* U.S. Const. art. 3, §2.